# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**LISA CLAY,**

    Plaintiff,

   -vs-                                     **Case No. 15-C-269**

**CAROLYN COLVIN, Acting
Commissioner of Social Security,**

    Defendant.

## DECISION AND ORDER

Lisa Clay appeals the denial of her application for Social Security Disability benefits. The Administrative Law Judge found that Clay has the following severe impairments: degenerative disc disease of the lumbar spine status-post decompression and fusion, asthma, right shoulder rotator cuff tear, obesity, bilateral knee osteoarthritis, and cervical myelopathy status-post decompression. Despite these impairments, the ALJ found that Clay was not disabled because she had the residual functional capacity to perform a range of sedentary work.

On review, the ALJ's findings of fact are conclusive and must be upheld "so long as substantial evidence supports them and no error of law occurred." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). "Substantial evidence means such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion." *Id.*

Clay argues that the ALJ did not inform the Vocational Expert of all of Clay's medically-supported limitations. For example, the record in this case reflects extended hospital stints for back surgery and shoulder surgery, but the limitation for lengthy absences was not incorporated into the RFC. This was error because RFC is "the individual's *maximum* remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis, …" SSR 96-8p. "Regular and continuing" means a typical workweek in full-time employment: 8 hours a day, 5 days a week. Thus, it was error not to inform the VE that Clay would be limited in that regard. *Murphy v. Colvin*, 759 F.3d 811 (7th Cir. 2014) ("We require the VE to know about a claimant's limitations so that the VE does not refer to work that the claimant is not capable of undertaking").[1]

Clay also argues that the ALJ's credibility finding was erroneous. Courts defer to a credibility finding that is not patently wrong, but an ALJ still must competently explain an adverse-credibility finding with specific reasons supported by the record. *Engstrand v. Colvin*, 788 F.3d 655, 660 (7th Cir. 2015).

---

[1] The Commissioner incorrectly argues that Clay's impairments did not meet the 12-month duration requirement. *See* 20 C.F.R. § 404.1509. The duration requirement is encompassed by the ALJ's finding at step two. 20 C.F.R. § 404.1520(a)(ii) ("If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in § 404.1509, … we will find that you are not disabled").

- 2 -

The ALJ found that Clay's statements about the "intensity, persistence and limiting effects" of her symptoms were "not entirely credible." R. 29. The ALJ reasoned that the record did not contain a medical opinion stating that Clay is unable to work. The absence of such an opinion is not surprising since Clay stopped working in 2011. Moreover, the Commissioner concedes that a "can't work" opinion is not required and would not be determinative of disability. The ALJ also noted that the severity of Clay's impairments is not supported by medical records. This is an insufficient reason to reject Clay's testimony because allegations of pain do not have to be supported by objective evidence. *Adaire v. Colvin,* 778 F.3d 685, 687 (7th Cir. 2015); SSR 96-7p(4) ("an individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence"). Finally, the ALJ observed that Clay's prescribed treatment improved her condition. For example, the ALJ cited a treatment note from March of 2012 that Clay's gait appeared improved, but in the next sentence, the ALJ explained that Clay underwent spinal fusion surgery two months later. R. 31. Accordingly, the record flatly contradicts the ALJ's statement that Clay's condition improved with treatment.

There are more errors, but it is not necessary to address them because Clay is entitled to a remand with instructions to calculate and award benefits.

Such an order is appropriate only if all factual issues involved in the entitlement determination have been resolved and the resulting record supports only one conclusion – that the applicant qualifies for disability benefits. *Allord v. Astrue*, 631 F.3d 411, 415 (7th Cir. 2011). The record, as summarized over five single-spaced pages in the ALJ's decision, reveals at least 30 medical appointments for diagnosis and treatment, a 16-day hospital stay for two surgeries and follow-up therapy, plus at least 14 therapy sessions, all of which occurred during a 16-month period between the onset date of September 2, 2011 and January 2013. Thus, the record clearly reflects Clay's inability to work on a regular and continuing basis.

The Commissioner's denial of benefits is **REVERSED**, and this matter is **REMANDED** with instructions to calculate and award benefits.

Dated at Milwaukee, Wisconsin, this 1st day of December, 2015.

**SO ORDERED:**

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**